WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Caremark LLC, et al., | No. CV-21-01554-PHX-SMB |
| Petitioners, | **ORDER** |
| v. | |
| Choctaw Nation, et al., | |
| Respondents. | |

Pending before the Court is Respondents', the Choctaw Nation, et al. (the "Choctaw Nation"), Motion to Stay ("Motion"). (Doc. 16.) The Petitioners, Caremark, LLC et al. ("Caremark"), filed a Response, (Doc. 22), and the Choctaw Nation replied, (Doc. 23). The parties did not request oral argument, and the Court declines to hold oral argument, finding that it is unnecessary. *See* LRCiv 7.2(f). The Court has considered the briefing and relevant law and will deny the Choctaw Nation's Motion for the reasons explained below.

**I.   BACKGROUND**

    **A.   Oklahoma Litigation**

On April 26, 2021, the Choctaw Nation filed a complaint in the Eastern District of Oklahoma (the "Oklahoma Action") against eleven defendants, including all the named petitioners in this action. *See Choctaw Nation v. Caremark, LLC*, No. 6:21-CV-128-PRW (E.D. Okla.). The Choctaw Nation's complaint in that case seeks redress under the Recovery Act, 25 U.S.C. § 1621e, which provides tribes with the statutory right to recoup

costs of covered medical services provided to tribal members from applicable insurance coverage. (Doc. 16 at 3.) The complaint alleges "[D]efendants violated its rights under the Recovery Act by improperly denying claims for reimbursement and by wrongfully applying insurance discounts that force tribal pharmacies to operate at a loss." (*Id.*)

Caremark filed a motion before the Oklahoma Court to stay all proceedings involving the Choctaw's Nation's Oklahoma Action, pending the resolution of this matter. (Doc. 22 at 9.) On October 7, 2021, the Choctaw Nation filed an opposition to that motion. (Doc. 22-1.)

### B. Petition for an Order to Compel Arbitration

Caremark filed their Petition with this Court on September 10, 2021. (Doc. 1.) In the Petition, Caremark moved the Court to compel the Choctaw Nation and related parties to submit their dispute to an arbitrator under the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.* (the "FAA"), and pursuant to alleged governing agreements. (Doc. 1 at 2.) The Petition alleges that Choctaw Nation pharmacies participate in multiple pharmacy networks operated by Caremark and entered into contracts with Caremark referred to as a "Provider Agreements." (*Id.* ¶ 2.) Caremark alleges that pursuant to the Provider Agreements, the Choctaw Nation and related entities agreed that all disputes "in connection with, arising out of or relating in any way to" the Provider Agreements "[would] be exclusively settled by arbitration before an arbitrator in accordance with the rules of the American Arbitration Association." (*Id.* ¶ 3.) The petition alleges that the Choctaw Nation agreed to an arbitration location of Scottsdale, Arizona. (*Id.*) The Provider Agreement states, "[t]he arbitrator(s) shall have exclusive authority to resolve any dispute related to the interpretation, applicability, enforceability or formation of the agreement to arbitrate, including but not limited to, any claim that all or part of the agreement to arbitrate is void or voidable for any reason." (*Id.* ¶ 4.)

### C. Chickasaw Nation Litigation

On December 29, 2020, the Chickasaw Nation filed a complaint in the U.S. District Court for the District of Oklahoma, which Caremark argues was "nearly identical to the

Choctaw Nation's Complaint." (Doc. 22 at 7.) After the Chickasaw Nation filed its complaint, Caremark moved to stay the Oklahoma proceedings and filed a petition to compel arbitration in the District of Arizona pursuant to Section 4 of the FAA. (*Id.*) In an order dated July 2, 2021, a court in this district granted Caremark's Petition for an Order to Compel Arbitration, finding that—under the arbitration provision—the arbitrator, not the court, should decide the threshold issue of arbitrability. *Caremark, LLC v. Chickasaw Nation*, No. CV-21-00574-PHX-SPL (D. Ariz.) (Doc. 28 at 5). The Chickasaw Nation appealed the decision, *see Caremark, LLC v. The Chickasaw Nation*, Case No. 21-16209, which is currently pending with the Ninth Circuit. The Ninth Circuit granted the Chickasaw Nation's request to expedite the appeal and placed it on the January 2022 calendar. (Doc. 16-2 at 2–3.) The Choctaw Nation now asks for a stay of these proceedings based on the Chickasaw Nation's appeal, arguing that this matter presents (1) the same purported arbitration agreement; (2) the same Petitioners; (3) the same underlying claims; and (4) the same type of respondent. (Doc. 16 at 2.)

## II.   LEGAL STANDARD

The decision whether to stay an action is committed to the "sound discretion" of the district court and is based on weighing "the competing interests which will be affected by the granting or refusal to grant a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). Among these competing interests are (1) "the possible damage which may result from the granting of the stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc.*, 398 F.3d at 268). "[T]he proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997).

## III.  DISCUSSION

The Choctaw Nation filed the instant Motion for an order to stay these proceedings until (1) the Ninth Circuit issues a decision in *The Chickasaw Nation*, Case No. 21-16209,

and (2) the resolution of the underlying district court action in that matter, *Caremark LLC v. Chickasaw Nation*, No. CV-21-00574-PHX-SPL, 2021 WL 2780859 (D. Ariz. July 2, 2021). The Choctaw Nation contends that stay will promote judicial efficiency and fairness and prevent conflicting rulings. Specifically, it argues that the Chickasaw appeal will determine the exact same issues presented here. (Doc. 16 at 7.)

## A. Weighing the Factors Does Not Favor a Stay

Caremark points out that the Choctaw Nation has moved to stay this action but has not asked for a stay in its pending lawsuit against Caremark in the Eastern District of Oklahoma. (Doc. 22 at 11.) Thus, it argues that the Choctaw Nation is seeking to avoid its obligation to arbitrate while continuing to pursue its lawsuit against Caremark in Oklahoma. (*Id.*) Caremark argues that it will lose the benefits of arbitration if the case is stayed because it will be forced to litigate the claims in a court in a different venue than where it agreed to arbitrate. (*Id.* at 13.)

Weighing the factors, the Court finds that a stay is not warranted. First, if a stay is granted, the possible damage to Caremark is high. They will be forced to continue to litigate in the Eastern District of Oklahoma when they may be entitled to settle their dispute via arbitration. The benefits of arbitration that Caremark contracted for will be lost if a stay is not granted. This would be contrary to the purpose of arbitration agreements, which allow parties to resolve their contractual disputes promptly and efficiently without the high costs of traditional litigation.

Second, the hardship that the Choctaw Nation will suffer by being required to go forward is not severe enough to require the Court to grant a stay. The Choctaw Nation argues that the stay will be a hardship on it because it would be required to go forward in the District of Arizona, a venue that it did not choose to bring suit, and would upend its actual venue choice in Oklahoma. (Doc. 16 at 9.) Furthermore, the Choctaw Nation argues that it never "clearly and unequivocally agreed to arbitrate, thereby risking its sovereign immunity." (*Id.*) Nonetheless, these interests do not outweigh Caremark's right to pursue a resolution to this dispute through arbitration, especially in light of the fact that only a

court in this district can compel arbitration as discussed *infra*.

Third, the orderly course of justice does not favor a stay. If the Court does issue a stay, the parties will likely continue to litigate in the Oklahoma Court. Thus, a stay will only serve to complicate issues involved in this case. This is especially true because only this Court, and not the Oklahoma court, can compel arbitration. *See Ansari v. Qwest Commc'ns Corp.*, 414 F.3d 1214, 1219–20 (10th Cir. 2005) ("[W]here the parties agreed to arbitrate in a particular forum only a district court in that forum has authority to compel arbitration under § 4 [of the FAA]."); *Chickasaw Nation*, 2021 WL 2780859, at *2.

Therefore, if this Court issues a stay and the Oklahoma litigation continues, the Oklahoma court will not have the authority to compel arbitration. Against this backdrop, the Court finds that the orderly course of justice does not favor a stay. Consequently, the also Court finds that, after weighing the competing interests, the interests do not favor a stay.[1]

### B. First-To-File Rule

The Choctaw Nation also argues that the Chickasaw Arbitration Action warrants a stay of this action under the first-to-file rule. (Doc. 16 at 10.) The first-to-file rule "allows a district court to transfer, stay, or dismiss an action when a similar complaint has already been filed in another federal court." *Alltrade, Inc. v. Uniweld Prod., Inc.*, 946 F.2d 622, 623 (9th Cir. 1991). Specifically, it may be invoked "when a complaint involving the same parties and issues has already been filed in another district." *Id.* at 625 (quoting *Pacesetter Systems, Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982)). When deciding whether to apply the rule, a court analyzes three factors: "chronology of the lawsuits, similarity of the parties, and similarity of the issues." *Kohn Law Group, Inc. v. Auto Parts Mfg. Mississippi, Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015). The rule is "intended to 'serve[] the purpose of promoting efficiency well and should not be disregarded lightly.'" *Id.* at

---

[1] The Court will not—as urged by the Choctaw Nation—analyze the facts of this case under the *Nken v. Holder* factors because—as the Choctaw Nation admits—those factors are used to determine whether to grant a stay pending appeal of an order in the *same proceedings*. (Doc. 16 at 8.) Even if the Court did undergo the analysis, the factors do not favor a stay.

- 5 -

1239 (quoting *Alltrade*, 946 F.2d at 625) (alteration original). However, "[t]he most basic aspect of the first-to-file rule is that it is discretionary." *Alltrade*, 946 F.2d 622, 628 (9th Cir. 1991).

"Regarding similarity of the parties, courts have held that the first-to-file rule does not require exact identity of the parties." *Id.* at 1240. Rather, the rule requires only "substantial similarity of the parties." *Id.* (finding similarity of the parties when a defendant in the interpleader action was not named in the present action). The rule should not be applied mechanically or else it could be defeated simply by "omitting one defendant in either action, which would severely undermine and restrict its application." *Sprout Fin., LLC v. CapFund Enterprises, Inc.*, No. CV-19-05226-PHX-SPL, 2020 WL 1482627, at *2 (D. Ariz. Mar. 26, 2020).

The Court disagrees with the Choctaw Nation that the factors of the first-to-file rule are satisfied in this case. First, the parties to this action are not the same as in the first-filed action. The Choctaw Nation and Chickasaw Nation, although both tribal nations, are completely separate parties. In fact, they are not even related parties. Thus, this is not a situation where one defendant has merely been omitted in one of the actions. *Id.* They are entirely separate actions where the respondents are completely different. The Choctaw Nation's reliance on *JD Inv. Co., LLC v. Agrihouse, Inc.*, No. C08-1661RSM, 2009 WL 113277, at *1 (W.D. Wash. Jan. 13, 2009), is misplaced. In that case, both actions involved the exact same parties. *See id*. Thus, the Choctaw Nation cannot even show that the first element—similarity of the parties—is met.

Additionally, even if the Choctaw Nation had shown the similarity of the parties, the Court finds that applying the first-to-file rule here would be inequitable. *See Chickasaw Nation*, 2021 WL 2780859, at *2. If the Court stays this action, the Choctaw Nation will be free to continue to litigate its case in the Eastern District of Oklahoma. This would allow the Choctaw Nation to circumvent the arbitration provision. *See MEI Tech., Inc. v. Detector Networks Int'l, LLC*, No. CV 09-0425 RB/LFG, 2009 WL 10665141, at *4 (D.N.M. July 6, 2009) ("Courts have held that a party cannot circumvent a forum selection

clause simply by filing a lawsuit in a different forum and then asserting that the first-filed doctrine prevents a subsequent lawsuit in the proper forum."). The Provider Agreement states that the parties agreed to arbitrate the dispute in Scottsdale, Arizona. As discussed above, the majority rule—which was adopted in the Tenth Circuit, a circuit of which the Eastern District of Oklahoma is a part—holds that only a district court in the forum where the parties agreed to arbitrate has the authority to compel arbitration under § 4 of the FAA. *Ansari*, 414 F.3d at 1220–1221. Thus, the Oklahoma court could not compel arbitration if the Court found the first to file rule applicable here. Accordingly, the Court declines to apply the rule.

## IV.　CONCLUSION

Accordingly,

**IT IS ORDERED** denying Respondents' Motion to Stay this action. (Doc. 16.)

Dated this 16th day of February, 2022.

_____
Honorable Susan M. Brnovich
United States District Judge