**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Caremark LLC, et al., | No. CV-21-01554-PHX-SMB |
| Petitioners, | **ORDER** |
| v. | |
| Choctaw Nation, et al., | |
| Respondents. | |

Pending before the Court is the Choctaw Nation's[1] Emergency Motion for Stay Pending Appeal and Memorandum of Law in Support (the "Motion"). (Doc. 40.) Caremark[2] filed an Opposition to the Motion, (Doc. 44), and the Nation replied, (Doc. 45). The parties did not request oral argument, and the Court declines to hold oral argument, finding it unnecessary. *See* LRCiv 7.2(f). The Court has considered the briefing and relevant law and will deny the Nation's Motion.

### I. BACKGROUND

The Court provided a more detailed background in its March 14, 2022 order (the

---

[1] The "Choctaw Nation" or "the Nation" means the Choctaw Nation; the Choctaw Nation Health Services Authority; the Choctaw Health Care, Talihina, OK; the Choctaw Nation Health Clinic-Rubin White, Poteau; the Choctaw Nation Health Clinic-McAlester; the Choctaw Nation Health Clinic-Idabel; the Choctaw Nation Health Clinic-Stigler; the Choctaw Nation Health Clinic-Hugo; the Choctaw Nation Health Clinic-Atoka; the Choctaw Nation Health Care Center Durant Pharmacy; and the Choctaw Nation Online Pharmacy Refill Center.

[2] "Caremark" means Caremark, LLC; Caremark PHC, LLC; CaremarkPCS Health, LLC; Caremark Rx, LLC; Aetna, Inc.; and Aetna Health, Inc.

"Order"), (*see* Doc. 37 at 1–3), and will not reiterate those details here. Rather, the Court incorporates the Order's background by reference. Relevant here, on April 26, 2021, the Choctaw Nation filed a complaint in the Eastern District of Oklahoma (the "Oklahoma Action") against eleven defendants, including all the named petitioners in this action. *See Choctaw Nation v. Caremark, LLC*, No. 6:21-CV-128-PRW (E.D. Okla. 2021). The Nation's complaint in that case seeks redress under the Recovery Act, 25 U.S.C. § 1621e, which provides tribes with the statutory right to recoup costs of covered medical services provided to tribal members from applicable insurance coverage. (Doc. 16 at 3.)

On September 10, 2021, Caremark filed their Petition with this Court moving the Court to compel the Choctaw Nation and related parties to submit their dispute to arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.* (the "FAA"), and pursuant to agreements entered by the parties. (Doc. 1.) On March 14, 2022, the Court granted Caremark's Petition to Compel Arbitration. (Doc. 37.)

The Choctaw Nation filed this emergency motion on April 12, 2022, requesting a stay of arbitration proceedings pending an appeal of the Order. The Nation argues that a stay is necessary in light of the fact that the arbitration process has already commenced. (Doc. 40 at 3.) Caremark opposes a stay of arbitration.

**II.   LEGAL STANDARD**

When determining whether to issue a stay pending appeal, a court considers the following factors:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Al Otro Lado v. Wolf*, 952 F.3d 999, 1006–07 (9th Cir. 2020) (quoting *Nken v. Holder*, 556 U.S. 418, 426 (2009)). The first two factors are most critical, and the last two are reached only if an applicant satisfies the first two. *Id.* at 1007 (citing *Nken*, 556 U.S. at 434). The Ninth Circuit employees a "sliding scale" approach whereby "the required degree of

irreparable harm increases as the probability of success decreases." *Sanchez v. Att'y Gen. of Arizona*, No. CV-17-00224-TUC-RM, 2021 WL 2105610, at *2 (D. Ariz. Mary 25, 2021) (quoting *Golden Gate Rest. Ass'n v. City and Cty. of San Francisco*, 512 F.3d 1112, 1115 (9th Cir. 2008)).

**III.   DISCUSSION**

The Choctaw Nation argues for a stay using the same failed arguments that it used to oppose Caremark's Petition to Compel Arbitration. As a result, the Nation fails to show that it is likely to succeed on the merits. Furthermore, the Nation fails to show that it would be irreparably injured absent a stay. Therefore, the Court will deny the Nation's Motion.

**A.   Likelihood of Success on the Merits**

The Nation is unlikely to succeed on the merits of its appeal. "An applicant for a stay 'need not demonstrate that it is more likely than not they will win on the merits,' but rather must show 'a reasonable probability' or 'fair prospect' of success." *FTC v. Qualcomm*, 935 F.3d 752, 755 (9th Cir. 2019) (quoting *Leiva-Perez v. Holder*, 640 F.3d 962, 966–67 (9th Cir. 2011)). In arguing for its likelihood of success on the merits, the Nation advances no new arguments but, instead, reiterates the arguments it made in opposition to Caremark's Petition to Compel Arbitration. The Court continues to find the Nation's arguments unpersuasive for the same reasons it explained in its order compelling arbitration. (*See generally* Doc. 37.) After review of the parties' briefing and the Court's order, the Court stands by its decision. Therefore, the Court finds that the Nation's appeal does not have a likelihood of success on the merits, nor has it shown a reasonable probability or a fair prospect of success.

**B.   Potential Injury to The Choctaw Nation**

The Nation argues that it will be irreparably injured without a stay because it will be forced to submit to an arbitration to which it did not agree and because it will result in the loss of sovereign immunity. (Doc. 40 at 7.) Caremark argues that the Nation will not be irreparably injured because the Court already ruled that the Nation waived its sovereign immunity and because the Court can simply refuse to enforce any arbitration award if the

Court's order is overturned on appeal. (Doc. 44 at 16 (citing *Alascom, Inc. v. ITT N. Elec. Co.*, 727 F.2d 1419, 1422 (9th Cir. 1984))).

"An application for a stay pending appeal must show that a stay is necessary to avoid likely irreparable injury to the applicant while the appeal is pending." *Al Otro Lado*, 952 F.3d at 1007 (citing *Nken*, 556 U.S. at 434). "The minimum threshold showing for a stay pending appeal requires that irreparable injury is likely to occur during the period before the appeal is likely to be decided." *Id.* (citing *Leiva-Perez*, 640 F.3d at 968). "Thus, under the sliding scale approach, a stay applicant's 'burden with regard to irreparable harm is higher than it is on the likelihood of success prong, as she must show that an irreparable injury is the more probable or likely outcome.'" *Id.* (quoting *Leiva-Perez*, 640 F.3d at 968).

Here, the Nation has not shown that it will suffer irreparable injury absent a stay. In the Order, the Court found that the tribe waived its sovereign immunity by entering into the Provider Agreements with Caremark, which incorporated by reference the arbitration agreements. (Doc. 37 at 9–10.) Thus, their argument that they will lose sovereign immunity if a stay is not granted is unpersuasive.[3] Furthermore, since arbitration awards are not self-executing, if an arbitration award is improper, a court "will not enforce the award." *Alascom, Inc.*, 727 F.2d at 1422. "Thus, any harm caused by the denial of a stay [of arbitration] will ordinarily be neither serious nor irreparable." *Id.*; *United Food & Com. Workers Union v. Ralphs Grocery Co.*, No. CV 19-4265 CBM (EX), 2020 WL 1230639, at *5 (C.D. Cal. Feb. 14, 2020) (finding that respondents would suffer no harm if the arbitration proceeded while the appeal was pending); *Adams v. Postmates, Inc.*, No. 19-3042 SBA, 2020 WL 1066980, at *5 (N.D. Cal. Mar. 5, 2020) (same). Accordingly, the Court finds that the Nation will not suffer irreparable injury if the stay is not granted.

---

[3] Moreover, it is unclear whether sovereign immunity even applies where the Nation is the plaintiff in the underlying case in Oklahoma. Sovereign immunity is an "*immunity from suit.*" *Burlington N. & Santa Fe Ry. Co. v. Vaughn*, 509 F.3d 1085, 1090 (9th Cir. 2007) (emphasis original).

**IV. CONCLUSION**

The Court finds that the Choctaw Nation has failed to show a reasonable probability or a fair prospect of success on appeal. Furthermore, the Nation has failed to show it will be irreparably injured absent a stay.[4] Accordingly,

**IT IS ORDERED** denying the Nation's Emergency Motion for Stay. (Doc. 40.)

Dated this 29th day of April, 2022.

*[signature]*
Honorable Susan M. Brnovich
United States District Judge

---

[4] The Court need not discuss the third and fourth factors of the stay analysis because the Nation was failed to show that either of the first two factors favor a stay. *See Al Otro Lado*, 952 F.3d at 1007 (citing *Nken*, 556 U.S. at 434).